**RFT & ASSOCIATES, Respondent,**

v.

**Barry D. SMITH, et al., Appellants.**

**No. C5–87–1555.**

Court of Appeals of Minnesota.

Feb. 9, 1988.

Michael C. Flom, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, for respondent.

Mark C. Stafford, Burnsville, for appellants.

Heard, considered and decided by NORTON, P.J., and IVERSON and LOMMEN, JJ.*

## MEMORANDUM OPINION

NORTON, Judge.

### FACTS

Appellants Barry Smith and Dawn Smith are tenants of respondent RFT & Associates. The parties entered into a written lease agreement, effective January 1, 1987.

The tenancy was subject to the Section 8 Existing Housing Assistance Payments Program, enacted by Congress in 1974 as part of the federal low-income rent subsidy system. *See* 42 U.S.C.A. § 1437f; 24 C.F.R. Part 882.

On March 12, 1987, respondent gave appellants notice of termination of the lease. The notice required appellants to vacate the property by June 30, 1987. When appellants did not vacate the property by the stated date, respondents brought this action in unlawful detainer, seeking immediate return of possession of the property, and costs. The stated basis for termination was the Smiths' failure to vacate the premises after notice. The complaint did not allege that the Smiths had violated the lease terms or that respondent had good cause for terminating the lease.

The trial court heard the matter on July 20, 1987. Both parties appeared pro se. Respondent's representative, Robert Timmish, testified that the basis for termination was that appellants' 8-year old child was involved in starting a fire underneath a wooden balcony outside the apartment building. Timmish testified that since a fire damaged six apartments one year earlier, respondent had adopted the policy of evicting any tenants who are involved in starting fires.

Two residents of the apartment complex testified on respondent's behalf. Kay Sinderman testified that her son was involved in starting the fire, and that he told her that appellants' son and two other children had also participated in starting the fire. Sinderman also testified that she did not personally see the fire or any debris from the fire.

Dawn Harris testified that her two children, ages 7 and 8, watched some other children playing with matches and burning some leaves and some telephone book pages. She stated her children reported the incident to the apartment manager and to her. Harris testified that she did not personally see a fire or any child starting a fire. She stated she was testifying be-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

cause her children were too young to testify to what they saw.

Appellant Dawn Smith testified that on March 11, she sent her son outside to play. About 20 minutes later, someone told her that her son was trying to start a fire under a balcony. She went outside and found her son with 3 lighters, none of which worked. She asked him to show her the fire that he was trying to start, that he showed her, but that "there was nothing there." The police later questioned her and she showed the lighters to the police officers. She further testified that she and her husband investigated the incident of March 11 and found no fire report filed with either the fire department or the police department. Appellant testified that she asked her son if he was involved with the fire underneath the balcony, and that he told her he tried to start a fire but could not, because the lighters would not work.

The trial court issued its findings of fact, conclusions of law, and judgment in unlawful detainer on July 28, 1987. The court found that appellants failed to vacate the property after notice to do so. The court did not find that appellants had broken the terms of the lease, and made no additional findings regarding the grounds for termination of the lease. The court concluded that respondent was entitled to restitution of the premises and costs of $60.

## DECISION

The federal requirements governing Section 8 leases were incorporated into the Smiths' lease by a "Lease Addendum." The statute prevents the owner from terminating the tenancy "except for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause." 42 U.S.C.A. § 1437f(d)(1)(B)(ii) (Supp.1987). See also 24 C.F.R. § 882.215(c)(1) (1987). The regulations further provide that during the first year of the term of a Section 8 lease, the owner may not terminate the tenancy for "other good cause" unless the termination is based on malfeasance or nonfeasance. 24 C.F.R. § 882.215(c)(3) (1987).

Here, the trial court's finding supporting appellants' eviction stated only that they failed to vacate the premises after notice. The trial court did not address the fundamental "good cause" requirement for termination of appellants' Section 8 lease. As a matter of law, the trial court's finding is inadequate to support the termination.

Respondent argues, however, that the evidence presented at trial would support a finding of "good cause," and further claims that such a finding is implicit in the trial court's conclusion and judgment. Respondent relies on the testimony of the two other residents, who stated that their children were either witnesses to or participants in various "fire-playing" incidents. The bulk of their testimony was hearsay. There was no testimony by the apartment manager, to whom the children supposedly reported the fire.

The record does not show whether respondent gave appellants notice of respondent's recent policy of evicting tenants whose children were caught playing with fire. Respondent did not provide any evidence of that policy, and did not elaborate on the scope or details of the policy. The record before us does not even contain a copy of the lease. Appellants testified that no police or fire report was filed, and respondent presented no evidence of a police or fire report. Nor did respondent present any evidence that its property was damaged by any fire allegedly started by appellants' child. Furthermore, the complaint in unlawful detainer did not allege that appellants had broken the lease terms, only that they failed to vacate the premises after notice.

Absent a finding of good cause, termination of the lease violates governing law. Even if such a finding could be inferred from the trial court's conclusions, the finding would be clearly erroneous on the existing record.

On appeal, the Smiths have requested $800 for costs and attorney fees. There being no statutory authorization for such

an award, and no allegations of bad faith, that request is denied.

Reversed.